[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12026
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-20297-CV-STB

CANON LATIN AMERICA, INC.,

                                                            Plaintiff-Appellant,

versus

LANTECH (CR), S.A.,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Canon Latin America, Inc. ("Canonlat") appeals the district court's denial of Canonlat's (1) petition for further relief, pursuant to 28 U.S.C. § 2202; (2) alternative motion for permission to amend again its amended complaint; and (3) motion to reopen the case. No reversible error has been shown; we affirm.

The background of this case is set out in our opinion in Canon Latin America, Inc. v. Lantech (CR), S.A., 508 F.3d 597 (11th Cir. 2007) ("Canon I"), reversing the district court's grant of a permanent injunction barring Defendant Lantech (C.R.), S.A. ("Lantech") from proceeding with its claims against Canonlat in Costa Rica. Very briefly stated, Lantech brought suit against Canonlat in Costa Rica claiming that Canonlat had breached Costa Rican law when it terminated Lantech's Costa Rican distributorship. Canonlat filed suit against Lantech in the Southern District of Florida for declaratory and injunctive relief; Canonlat sought to bar Lantech from proceeding with its Costa Rican suit. Canonlat based its entitlement to injunctive relief on a forum selection and choice of law clause in the distributorship agreement; that clause provided that the agreement was to be governed by Florida law, and Lantech agreed:

> THAT ALL SUITS COMMENCED BY DISTRIBUTOR
> AGAINST CANONLAT UPON ANY AND ALL
> CAUSES OF ACTION, WHETHER OR NOT SUCH
> CAUSES OF ACTION HAVE ARISEN UNDER THIS
> AGREEMENT AND REGARDLESS OF THE LEGAL
> THEORY ... SHALL BE BROUGHT EXCLUSIVELY
> IN A STATE OR FEDERAL COURT SITUATED
> WITHIN THE STATE OF FLORIDA.

We concluded that the threshold requirements for issuing an anti-suit injunction were not satisfied; we vacated the injunction and remanded the case for dismissal in accordance with our opinion.

After remand, on 16 September 2008, the district court ordered and adjudged the case closed. Some three months later, Canonlat petitioned for further relief pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201. Canonlat argued that Lantech should be declared liable for Canonlat's attorney fees and costs incurred in defending itself against Lantech's wrongfully filed suit in Costa Rica. Alternatively, Canonlat moved pursuant to Fed.R.Civ.P. 15 for permission to amend its amended complaint to state a cause of action for damages arising from Lantech's continuing violation of the forum selection clause. And on 13 January 2009, Canonlat moved to reopen the case.[1]

The district court noted that the alternative bases for relief advanced by

---

[1]As of 13 January 2009, the district court had administratively closed the case but had not yet entered a final judgment.

Canonlat each sought the same end: to permit a claim to go forward to recover damages from having to defend the litigation in Costa Rica -- damages incurred as a result of our order in Canon I permitting the Costa Rican case to proceed. The district court concluded that it would be inconsistent with our mandate in Canon I to allow Canonlat the requested relief.

The district court noted further that Canonlat could have -- and should have -- sought amendment to state its claim for damages stemming from breach of the forum selection clause long ago in the litigation. Because the Costa Rican suit pre-dated the instant suit, the "damages" began to accrue even before the instant suit was filed. No claim for damages attributable to the forum-selection-clause breach was set out in the complaint or amended complaint. And, the district court, more than one and one-half years before, had told Canonlat that the amended complaint set out no damage claim for the forum-selection-clause breach. Nonetheless Canonlat made no effort to amend to add such a claim at that time.

Even if we were to accept Canonlat's position that no preclusive inconsistency exists between the mandate in Canon I and the relief it now seeks (a matter about which we express no opinion) and even if we were to accept that Canonlat's motions were procedurally proper (again, a matter about which we express no opinion), we see no abuse of discretion in the district court's denial of

4

relief. The district court's denial was well within its discretion: Canonlat's belated effort to recover its litigation expenses comes too late. Canonlat failed to plead these claims at the outset; it failed again to include these claims in their amended complaint. Canonlat did seek such damages in its motion for summary judgment for declaratory and injunctive relief; but the district court order entered on 19 July 2007 refused this relief because the amended complaint included no claim for these damages. Canonlat still failed to seek amendment for yet another one and a half years; only after the case was closed administratively did Canonlat seek to amend. On these facts we cannot say the district court abused its discretion.[2] See Smith v. Duff and Phelps, Inc., 5 F.3d 488, 493 (11th Cir. 1993) (finding no abuse of discretion where litigant waited too long to seek leave to amend after notice that claim was defective).

AFFIRMED.

---

[2]We note also that Canonlat offers no good cause for their delay.